```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/13/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALL STREET SYSTEMS SWEDEN AB,

                Plaintiff,

            -v-

HERTZ GLOBAL HOLDINGS, INC.,

                Defendant.
------------------------------------------------------------X

14-cv-7819 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On September 26, 2014, Wall Street Systems Sweden AB ("plaintiff" or "Wall Street Systems") filed this diversity action for breach of contract against Hertz Global Holdings, Inc. ("defendant" or "Hertz"). (ECF No. 1 ("Compl.").) Hertz filed an Answer on November 12, 2014. (ECF No. 10.) On December 4, 2014, Hertz filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (See ECF Nos. 13-16.) That motion became fully briefed on December 23, 2014. For the reasons set forth below, the motion is GRANTED.

I.     BACKGROUND[1]

On November 10, 2009, the parties entered into a written subscription agreement (the "Subscription Agreement" or the "Agreement") under which Wall Street Systems agreed to provide Hertz with access to an electronic treasury management service (the "treasury service") in exchange for periodic fees. (See

---

[1] This section includes only those facts that are relevant to defendant's motion.

Compl. ¶¶ 1, 8, 9.)  Hertz subsequently executed a Services Order Form ordering assistance in implementing the service.  (See id. ¶¶ 1, 10.)

The Subscription Agreement, which is attached to and incorporated by reference in the Complaint, provides for a three-year initial subscription period, commencing on November 10, 2009.  (See Compl. Ex. A ("SA") at 1.)  Paragraph 11 (the "termination provision") sets forth the procedure for terminating the Agreement.  It states, in relevant part:

> The Agreement shall become effective once duly signed by both parties and shall continue in effect for the Subscription Period set forth herein.  After the initial Subscription Period, the Agreement shall be automatically extended for consecutive additional 12-month periods at an increase of 3%, unless terminated earlier by either party providing 90 days written notice of termination prior to the expiration of the then current Subscription Period.

(Id. at 5.)

On August 6, 2012, Hertz terminated the Agreement in accordance with Paragraph 11 by providing Wall Street Systems with at least 90 days written notice of termination prior to the expiration of the initial subscription period.  (Answer and Jury Demand ("Ans.") ¶ 30, ECF No. 10.)

On September 30, 2012, after Hertz's notice of termination, Wall Street Systems issued Invoice No. 5008160 (the "September 30, 2012 Invoice") prospectively charging Hertz $204,506.39 for access to the treasury service for the period between November 10, 2012 and November 9, 2013.  (See Compl. ¶ 11, Ex. C.)  Hertz did not pay anything on the September 30, 2012 Invoice.  (See id. ¶¶ 14-15.)

On September 26, 2014, Wall Street System brought this action to recover the payments due on the September 30, 2012 Invoice and two other invoices issued to Hertz.[2]  The Complaint asserts two breach-of-contract claims—one under the Subscription Agreement and another under the related Services Order Form.[3]

On December 4, 2014, Hertz filed a Rule 12(c) motion for judgment on the pleadings as to the September 30, 2012 Invoice.  Hertz argues that plaintiff is not entitled to payment on the September 30, 2012 Invoice because that invoice prospectively charges Hertz for a subscription period postdating Hertz's termination of the Agreement.  Hertz's motion is the subject of this Opinion & Order.

II.   LEGAL STANDARDS

   A.   Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted).  The court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in the non-moving party's favor. Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010).  "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a

---

[2] The other invoices—issued on September 30, 2011 and February 28, 2012—are not at issue on the present motion.

[3] The present motion concerns only the claim under the Subscription Agreement.

claim to relief that is plausible on its face.'" Id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)) (internal quotation mark omitted).

B.  New York Contract Law[4]

Under New York law, "when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract." In re Matco-Norca, Inc., 22 A.D.3d 495, 496 (N.Y App. Div. 2005)

---

[4] Paragraph 12.7 of the Subscription Agreement provides that the Agreement is governed by and must be construed in accordance with New York law. (SA at 7.) Accordingly, the Court applies New York law in resolving the present motion. See Cargill, Inc. v. Charles Kowsky Res., Inc., 949 F.2d 51, 55 (2d Cir. 1991) (explaining that the effect of contractual choice-of-law provision in a diversity case is to be considered by applying choice-of-law rules of forum state); id. ("In the absence of a violation of a fundamental state policy, New York courts generally defer to the choice of law made by the parties to a contract." (citation omitted)).

(citations omitted). "Further, a court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning." Id. (citations omitted).

"When a contract is terminated . . . , the rights and obligations thereunder cease." Twitchell v. Town of Pittsford, 106 A.D.2d 903, 904 (N.Y. App. Div. 1984) (citations omitted), aff'd, 489 N.E.2d 250 (N.Y. 1985). "The fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply." Id. (citation omitted).

III.   DISCUSSION

Plaintiff's claim for payment on the September 30, 2012 Invoice must be dismissed on the pleadings.

The pertinent facts are undisputed. It is undisputed that the Subscription Agreement governs plaintiff's breach-of-contract claim as to the September 30, 2012 Invoice. It is also undisputed that Agreement contains a termination provision allowing either party to terminate the Agreement by providing 90 days written notice prior to the expiration of the then-current subscription period. It is further undisputed that Hertz complied with the termination provision. On August 6, 2012—more than ninety days prior to the expiration of the three-year initial subscription period—Hertz sent a letter to Wall Street Systems stating, in relevant part:

> This shall serve as NOTICE by Hertz Global Holdings, Inc., its affiliates and subsidiaries, of its intent to not renew the Subscription Agreement for WALLSTREET Treasury ASP subscription service, dated on or about November 10, 2009, and the Services Agreement dated on or about November 6, 2009, upon their next respective renewal date(s).

(Defendant's Memorandum of Law in Support of 12(c) Motion for Judgment on the Pleadings at 3, Ex. B, ECF No. 16; see also Ans. ¶ 30.)  Finally, it is undisputed that the September 30, 2012 Invoice—issued almost two months after Hertz's termination letter—prospectively charges Hertz subscription fees for an additional year.  These facts entitled Hertz to a judgment on the pleadings as to the September 30, 2012 Invoice.

Plaintiff's sole argument in opposition is that Hertz users accessed the treasury service on three occasions after the initial subscription period expired on November 9, 2012.  (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings at 2, ECF No. 17.)  This argument is inapposite.  While such post-termination usage may give rise to a claim for equitable relief, no such claim is asserted here—the Complaint is limited to claims for breach of contract.  These claims fail as to the September 30, 2012 Invoice because a contract cannot be breached after it has been terminated.  See A.J. Temple Marble & Tile, Inc. v. Long Island R.R., 682 N.Y.S.2d 422, 423 (N.Y. App. Div. 1998) (affirming summary-judgment dismissal of a claim for, inter alia, breach of contract because the defendant had exercised its "absolute, unqualified right to terminate [the] contract on notice pursuant to an unconditional termination clause" (citations omitted)).  The Subscription Agreement sets forth clear and unambiguous

6

requirements for a proper termination, and "cessation of all usage" is not among them. By complying with these requirements, Hertz extinguished the parties' "rights and obligations" under the Subscription Agreement. Twitchell, 106 A.D.2d at 904.

IV.   CONCLUSION

Accordingly, defendant's motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 15.

SO ORDERED.

Dated:     New York, New York
           January 13, 2015

_____
KATHERINE B. FORREST
United States District Judge